41 F.3d 1515
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Walter K. WELLS; Martha W. Wells; Annie Wells, Plaintiffs-Appellants,
v.
Darrel J. REXWINKEL; Carl Brady; Oral Freeman; John
Kelsey; Marilyn May; Alaska Department of
Revenue, Defendants-Appellees.
 No. 93-35943.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1994.*
Decided Nov. 7, 1994.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs appeal pro se the district court's dismissal of their 42 U.S.C. Sec. 1983 claims. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 
 4
 The district court entered a judgment dismissing plaintiff's complaint without prejudice. Whether the dismissal of a complaint is a final appealable judgment depends upon whether the district court intended the dismissal to dispose of plaintiff's entire action. Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987). The court's order includes the parenthetical statement "case dismissed," evidencing the court's intention to dispose of the entire case. Additionally, plaintiffs cannot reasonably be expected to make any amendment that could save their cause of action, making the judgment final and appealable. See Clardy v. Levi, 545 F.2d 1241, 1242 n. 2 (9th Cir.1976).
 
 
 5
 We agree with the district court that plaintiffs' amended complaint failed to state a claim upon which relief may be granted against the state, the Department of Revenue and its employees acting in their official capacities. See Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.1992) (eleventh amendment bars a federal court action for damages against a state and against an official acting in his official capacity). See also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are "persons" subject to suit under 42 U.S.C. Sec. 1983). We also agree that no claim was stated against Marilyn May, the attorney representing the Department of Revenue in plaintiffs' administrative appeal to the state court. See Fry v. Melaragno, 939 F.2d 832, 836-37 (9th Cir.1991) (government attorney entitled to absolute immunity from damage liability if performing acts "intimately associated with the judicial phase of the litigation").
 
 
 6
 Plaintiffs also fail to state a claim against the remaining attorneys and the state officials acting in their individual capacities. Plaintiffs fail to allege any constitutional violation. Although we liberally construe a pro se civil rights complaint, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). The complaint specifically names only one defendant, and alleges no specific facts showing how he or any other defendant deprived plaintiffs of any constitutional right. The complaint merely allege that they were denied their Permanent Fund Dividend due to "improper" investigation and "erroneous" and "discriminatory" findings. Yet, plaintiffs fail to allege that they had a legitimate claim of entitlement to a dividend from the Alaska Permanent Fund. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972) (to have a property interest in a benefit, a person must have a legitimate claim of entitlement to the benefit). Such vague and conclusory allegations are not sufficient to withstand a motion to dismiss. Ivey, 673 F.2d at 268.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3